BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:12-CV-00813-WBS-EFB |
|---|---|
| Plaintiff, | |
| v. | JOINT STATUS REPORT, REQUEST FOR STAY, AND ORDER THEREON |
| REAL PROPERTY LOCATED AT 25818 BURDA LANE, NEVADA CITY, CALIFORNIA, NEVADA COUNTY, APN: 60-380-02, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | Date: August 6, 2012<br>Time: 9:00 a.m.<br>Courtroom: No. 10 |
| Defendant. | |

The parties submit the following Joint Status Report, Request for Stay, and Order Thereon pursuant to the Court's March 30, 2012 Order:

    a.    <u>Summary of Claims</u>

On March 30, 2012, the United States filed a civil forfeiture complaint against the above-entitled real property based on a federal search warrant executed in October 2011. The search of the property revealed a substantial marijuana cultivation operation. As a result of the search warrant and statements made by the marijuana grower, the United States seeks forfeiture of the property under 21 U.S.C. § 881(a)(7)

1    Joint Status Report, Request for Stay, and Order Thereon

based on violations of the federal Controlled Substances Act.

The defendant property, a ten acre rural parcel with a residential structure, a detached garage, and a shed, is owned by Jamie Crantelle Merenda and Ethan Lee Stuart.  Jamie Crantelle Merenda, a single woman, is record owner of a one-half interest in the defendant property. Ethan Lee Stuart, a single man, is record owner of a one-half interest in the defendant property.

Ethan Lee Stuart filed a claim on May 3, 2012 and answer on May 17, 2012.

Jamie Crantelle Merenda filed a claim on May 21, 2012 and answer on June 14, 2012.

b.   Service:

The forfeiture complaint in rem was sent to all individuals believed to have an interest in the defendant properties.  In addition, notice by publication is complete, as reflected in a declaration of publication filed June 11, 2012.

c.   Possible joinder of additional parties:

None Anticipated.

d.   Any expected or desired amendment of pleadings:

None anticipated at this time.

e.   Jurisdiction and venue:

This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).  Venue is proper in this district pursuant to 28 U.S.C. § 1355 and  28 U.S.C. § 1395(a).

f.   Anticipated motions and suggested dates:

In light of the parties' joint request for a three month stay (see below), the

1  parties do not request that motion dates be scheduled at this time.

3     g.     Anticipated and outstanding discovery:

5     (1)    What changes should be made in the timing, form, or requirement for
6  disclosures under Rule 26(a), including a statement as to when disclosures under
7  subdivision (a)(1) were made or will be made:

9     (2)    The subjects on which discovery may be needed, when discovery should be
10 completed, and whether discovery should be conducted in phases or be limited to or
11 focused upon particular issues:

13    (3)    What changes should be made in the limitations on discovery imposed
14 under the Federal Rules of Civil Procedure of the Local Rules, and what other
15 limitations should be imposed:

17    As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil
18 Procedure, civil forfeiture actions are now exempt from the initial disclosure
19 requirements applicable to most other civil actions.  See Fed. R. Civ. P. 26(a)(1)(E)(ii).
20    In addition, rather than fully schedule this case at this time, the parties jointly
21 request a three month stay of further proceedings in this matter.
22    The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C.
23 § 881(i).  The United States contends that the defendant property was used to facilitate
24 the cultivation of marijuana.  To date, several individuals have been charged with
25 federal criminal crimes related to marijuana cultivation at the defendant property,
26 Case No. 2:12-CR-00076-WBS.  The United States intends to depose claimants
27 regarding their ownership of the defendant property, as well as their knowledge and
28 participation in large scale marijuana cultivation, including the marijuana grow at the

1  defendant property.  The United States also intends on deposing others involved in the
2  marijuana grow at the defendant property (and nearby properties) in October 2011.  If
3  discovery proceeds at this time, claimants will be placed in the difficult position of
4  either invoking their Fifth Amendment rights against self-incrimination and losing the
5  ability to pursue their claims to the defendant property, or waiving their Fifth
6  Amendment rights and submitting to a deposition and potentially incriminating
7  themselves.  If they invoke their Fifth Amendment rights, the United States will be
8  deprived of the ability to explore the factual basis for the claims they filed with this
9  court.

10  In addition, claimants intend to depose the law enforcement officers involved in
11  the criminal investigation.  Allowing depositions of the law enforcement officers at this
12  time would adversely affect the ability of federal authorities to investigate potential
13  criminal violations in this case and others associated with the marijuana grows
14  uncovered in October 2011.  The same is true with respect to written discovery that
15  could be issued by the United States and claimants.

16  Accordingly, the parties recognize that proceeding with this action at this time
17  has potential adverse affects on the investigation of the underlying criminal conduct
18  and/or upon the claimants' ability to prove their claims to the property and assert any
19  defenses to forfeiture.  For these reasons, the parties jointly request that this matter be
20  stayed for three months. At that time the parties will advise the court of the status of
21  the criminal investigation and will advise the court whether a further stay is
22  necessary.

23

24  h.  Scheduling of future proceedings, including suggested timing of the
25  disclosure of expert witnesses and information required by Rule 26(a)(2), completion
26  dates for discovery and law and motion, and dates for final pretrial conference and
27  trial:

28

1  In light of the requested stay, the parties ask that the case not be scheduled at
2  this time.

4     i. <u>Appropriateness of special procedures</u>:
5  Not applicable.

7     j. <u>Estimate of trial time</u>:
8  Plaintiff estimates that a trial of this matter would take no more than three
9  days.

11     k.  <u>Whether the case is related to any other case, including any matters in
12  bankruptcy</u>:

14  Yes. *United States v. Sean Farrell, et al.*, 2:12-CR-00076-WBS.

16     l.  <u>Any other matters that may add to the just and expeditious disposition of
17  this matter</u>:

19  None.

21  Dated: 7/16/12                                  BENJAMIN B. WAGNER
                                              United States Attorney

23                                  By:  /s/ Kevin C. Khasigian
24                                      KEVIN C. KHASIGIAN
                                    Assistant U.S. Attorney

26  Dated: 7/16/12                                   /s/ Carolyn M. Hagin
                                            CAROLYN M. HAGIN
                                            Attorney for claimants

                                (Original signatures retained by attorney)

1 **ORDER**

2  For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§
3 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for three months.  On or before October 23,
4 2012, the parties shall file a Joint Status Report to advise the Court whether a further
5 stay is necessary.  The Scheduling Conference is continued to **October 29, 2012 at**
6 **2:00 p.m.**

7

8 IT IS SO ORDERED.

9

10 Dated: July 18, 2012

11

12

13 WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE